UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

UNITED STATES OF AMERICA

v.                                          CRIMINAL ACTION NO. 5:21-cr-00041-1

EILEEN KATHERINE EVANS

**MEMORANDUM OPINION AND ORDER**

Pending is Defendant Eileen Katherine Evans' Letter-Form Motion for Early Termination of Supervised Release [Doc. 9], filed October 27, 2024.[1]

**I.**

On June 29, 2000, following her plea of guilty to bank robbery in violation of 18 U.S.C. § 2113(a) and (d), the United States District Court for the Eastern District of Virginia sentenced Ms. Evans to 84 months' imprisonment, followed by a five-year term of supervised release. [Doc. 1]. Inasmuch as Ms. Evans was in state custody when her federal sentence was imposed, she was not placed into the Bureau of Prisons' custody until October 1, 2018. On December 2, 2020, the sentencing court granted Ms. Evans compassionate release, and she began serving her term of supervision on December 4, 2020. [Doc. 1]. On March 15, 2021, the Court accepted a transfer of jurisdiction pursuant to 18 U.S.C. 3605. [*Id.*].

Ms. Evans now moves for early termination of her supervised release inasmuch as

---

[1] Ms. Evans styles her Motion as seeking "Early Release of Probation." Inasmuch as she is not currently serving a sentence of probation, the Court construes her filing as a Motion for Early Termination of Supervised Release.

(1) she has had "negative drug screens," (2) she has participated in "treatment counseling," (3) she has satisfied her special assessment and restitution obligations, (4) she has had a "hard time getting to Doctor appointments" due to a lack of public transportation, and (5) she resides with her sister who "plans . . . to relocate to the Dayton[,] Ohio area in the near future." [Doc. 9].

The United States Probation Office for this District conducted an inquiry and notes that while Ms. Evans has satisfied her special assessment and restitution obligations, she has not maintained a law-abiding lifestyle while under supervision. According to her supervising Probation Officer in the Southern District of West Virginia, in February 2024, West Virginia State Police contacted the Probation Officer and advised Ms. Evans had been observed stealing from Dollar General stores in Rainelle, West Virginia. Following the incident, a traffic stop was conducted on Ms. Evans' vehicle. Upon a search of Dollar General shopping bags located in Ms. Evans' vehicle, police officers noted multiple items that were not listed on her receipt. Police officers also noted Ms. Evans was driving on a suspended driver's license. While Ms. Evans acknowledges that she was driving on a suspended driver's license, she denies shoplifting. The Probation Office thus suggests that Ms. Evans does not meet the criteria established by the Administrative Office of the United States Courts for early termination of supervised release and notes that Ms. Evans' supervising Probation Officer also does not recommend early termination at this time.

## II.

Pursuant to 18 U.S.C. § 3583(e), a court may, after consideration of the applicable Section 3553(a) factors, "terminate a term of supervised release and discharge the defendant at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. §

2

3583(e)(1); *see also United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999).

After careful consideration of the applicable Section 3553(a) factors and the information provided by Ms. Evans' Probation Officer, the Court concludes that early termination of Ms. Evans' supervised release is unwarranted. While Ms. Evans appears to have remained in compliance with the terms of his supervised release term without incident since 2020, she has not demonstrated a desire to maintain a law-abiding lifestyle. Thus, the Court **FINDS** that Ms. Evans' conduct and the interests of justice do not support early termination of her supervised release.

### III.

Accordingly, the Court **DENIES without prejudice** Ms. Evans' Letter-Form Motion for Early Termination of Supervised Release [**Doc. 9**].

The Clerk is directed to send a copy of this written opinion and order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER:        October 24, 2024

Frank W. Volk
Chief United States District Judge